# Attachment 1

COPY- FILED - GR
June 25, 2025 11:19 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns SCANNED BY: ____ / ____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
*ex rel.* BLOCKQUOTE, INC.,

Plaintiff-Relator,

v.

SCHOSTAK BROTHERS & COMPANY, INC., et al.,

Defendants.
_______________________________/

Case No. 1:24-cv-475

HON. HALA Y. JARBOU
Chief U.S. District Judge

**FILED *EX PARTE* AND UNDER SEAL**

**MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S FIRST *EX PARTE* APPLICATION FOR A ONE-HUNDRED-AND-EIGHTY-DAY EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE**

The United States of America ("United States") submits this memorandum in support of its *ex parte* application for an order under the False Claims Act ("FCA"), as amended, 31 U.S.C. § 3730(b)(3), for a 180-day extension of time, from July 11, 2025, to and including January 7, 2026, in which to notify the Court of its decision whether to intervene in the above-captioned *qui tam* action, during which time the Complaint and all other filings shall remain under seal. This is the United States' first request for an extension of time in this case. Relator concurs in this request.

**BACKGROUND**

Relator alleges in its *qui tam* complaint that Defendants Schostak Brothers & Company, Inc., Team Schostak Family Restaurants, LLC, SOK Venture LLC, and TSFR Pizza LLC (together the "Defendants") violated the FCA by submitting false

information regarding their eligibility to obtain Coronavirus Aid, Relief, and Economic Security ("CARES") Act disaster relief funds known as Paycheck Protections Program ("PPP") loans. Specifically, Relator alleges that Defendants failed to meet the eligibility criteria for second-draw PPP loans.

The FCA generally prohibits presenting, or causing to be presented, false claims for payment or using false records or statements material to a false claim. 31 U.S.C. § 3729. Second-round PPP funding was barred to entities that exceeded specified size standards. Here, Relator alleges that Defendants caused the submission of false statements when they certified that the companies and their affiliates had fewer than 300 employees.

Second-draw PPP relief also placed restrictions on the amount of PPP loans that any single corporate group could receive. To preserve the limited resources available to the PPP program, businesses that were part of a "single corporate group" were prohibited from receiving more than $4,000,000 in second-draw PPP loans in aggregate. *Business Loan Program Temporary Changes; Paycheck Protection Program Second Draw Loans*, 86 Fed. Reg. 3712, 3720 (Jan. 14, 2021). For purposes of the limit, businesses are part of a single corporate group if they are "majority owned, directly or indirectly, by a common parent." *Id.*; *Business Loan Program Temporary Changes; Paycheck Protection Program-Requirements—Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders*, 85 Fed. Reg. 26324, 26325 (May 4, 2020). Relator alleges that Defendants and their affiliates are part of

a single corporate group and collectively received more than $4 million in second-draw PPP loans.

Since the United States was served with Relator's Complaint, it has been diligently investigating Relator's claims. [redacted].

## DISCUSSION

The *qui tam* provisions of the False Claims Act provide, in relevant part:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) *The Government may, for good cause shown, move the court for extensions of time during which the complaint remains under seal under paragraph (2)* . . .

31 U.S.C. §§ 3730(b)(2), (3) (emphasis added).

The United States respectfully submits that it has good cause to seek an extension of time in this case. The United States has actively investigated this matter since Relator served its Complaint. [redacted]

[redacted] The United States therefore requires more time to receive and review documents in order to meaningfully evaluate Relator's allegations. At this stage, the United States is not in a position to determine whether intervention is appropriate and requires more time beyond the present seal and intervention deadline of July 11, 2025.

## CONCLUSION

The United States respectfully requests that the Court grant its application for an additional 180-day extension of time, to and including January 7, 2026, during which time the United States may determine whether to intervene in the matter. Relator concurs in this request.

Dated: June 25, 2025

Respectfully submitted,

ALEXIS M. SANFORD
Acting United States Attorney

KALEN H. PRUSS
Assistant United States Attorney
U.S. Attorney's Office
Western District of Michigan
330 Ionia Ave, NW
Suite 501
Grand Rapids, MI 49503
Tel: (616) 456-2404
E-mail: Kalen.Pruss@usdoj.gov